[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above captioned petition for a new trial comes before this court on the plaintiff's motion to quash a subpoena.
At a pretrial conference requested by counsel for the plaintiff, that counsel asked that the undersigned specially schedule the motion to quash for argument. The court agreed to hear the motion at 10:00 a.m. on Tuesday, February 13, 1996.
Plaintiff's counsel failed to appear at the scheduled time. Defense counsel filed a memorandum in opposition to the motion. Since the motion is not one that is arguable as of right pursuant to Practice Book § 211, and since the plaintiff waived oral argument by his counsel's failure to appear at a specially scheduled opportunity for argument, the court will decide the motion on the papers.
The basis for the petition for a new trial is the petitioner's claim of newly discovered evidence that affects the validity of scientific evidence presented by the state at the CT Page 1330 trial of the petitioner on a charge of arson.
The respondent State of Connecticut has subpoenaed petitioner's counsel, who was also his counsel at the criminal trial, seeking to depose him concerning the feasibility at the time of the arson trial of obtaining the claimed new evidence.
The plaintiff objects that the effect of making his counsel a witness will be to create grounds for disqualification and deprive him of counsel, delaying trial of his petition and depriving him of counsel who is familiar with the case and willing to represent him though he is indigent.
A petitioner who seeks a new trial on the basis of newly discovered evidence must demonstrate by a preponderance of the evidence that 1) the proffered evidence is newly discovered, such that it could not have been discovered earlier by exercise of due diligence; 2) it would be material at a new trial; 3) it is not merely cumulative; and 4) it is likely to produce a different result in a new trial. Asherman v. State, 202 Conn. 429, 434
(1987); Kubeck v. Foremost Foods Co., 190 Conn. 667, 670 (1983).
In Ullmann v. State, 230 Conn. 698, 717-21 (1994), the Connecticut Supreme Court stated that a prosecutor could call a defendant's counsel as a witness only upon a showing of "compelling need".
The respondent previously moved to disqualify petitioner's counsel on the grounds that he was a necessary witness as to the feasibility of presenting at the criminal trial the evidence now claimed to be newly discovered. The court, Hadden, J., denied that motion.
Rule 3.7 of the Rules of Professional Conduct requires that a lawyer not act as an advocate at a trial in which the lawyer is "likely to be a necessary witness." In denying the motion to disqualify, Judge Hadden implicitly determined that petitioner's counsel was not "likely to be a necessary witness". This court concurs with that estimation of lack of necessity.
The state has independent means of knowing when the various items of physical evidence in the arson case were available to the defendant and can effectively argue from those facts that the petitioner had an opportunity to seek his own expert testimony as to the properties or significance of those items. There is thus no necessity for plumbing the thought processes of petitioner's trial counsel.
The motion to quash the subpoena is granted.
Hodgson, J. CT Page 1331